The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Abraham Robert TELLEZ, Defendant–Appellant.

No. 93CA1585.

Colorado Court of Appeals, Div. II.

Nov. 3, 1994.

As Modified on Denial of Rehearing Dec. 15, 1994.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John J. Krause, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Richard Sandomire, Denver, for defendant-appellant.

Opinion by Judge PLANK.

Defendant, Abraham Tellez, appeals from a judgment of conviction entered upon a jury verdict finding him guilty of various vehicle offenses. We reverse and remand for a new trial.

Defendant was charged with vehicular homicide (alcohol), vehicular homicide (reckless), driving under the influence/liquor, driving with excessive alcohol content, reckless driving, compulsory insurance/operator, and no seat belt. He was ultimately convicted of

all offenses except driving under the influence and reckless driving.

Defendant was initially represented by private counsel, but that counsel was permitted to withdraw. A representative from the Public Defender's Office expressed her opinion that, while it might be difficult to do, the defendant could find an attorney; she did not particularize the defendant's financial circumstances. The defendant was subsequently informed by the court that he was not eligible to be represented by the Public Defender. Using a list of attorneys provided by the court, the defendant attempted to retain an attorney for four months. Being unsuccessful, he represented himself at trial.

Defendant contends that because he was unable to hire an attorney and was deemed ineligible for representation by the Public Defender's Office, he was denied his right to counsel under the Sixth Amendment and Colo. Const. art. II, § 16. We agree that the defendant was denied counsel.

As an initial matter, we agree with the Attorney General that the defendant cannot delay his trial indefinitely under the guise of seeking counsel. *See Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). However, the issue here is not whether he was given adequate time to retain counsel, but whether his access to legal representation was curtailed, as a practical matter, because of the financial catch–22 in which he found himself at the time of the trial.

A non-indigent defendant is not entitled to a court-appointed attorney and must therefore retain counsel at his own expense. *King v. People,* 728 P.2d 1264 (Colo.1986).

Whether a defendant is indigent is to be determined by applying the guidelines established in Supreme Court Chief Justice Directive 89–3, *Appointment of Counsel and Guardians Ad Litem for Indigent Persons* (October 19, 1989) (Directive 89–3). This directive defines an indigent person as:

one whose income is below the applicable rate in the eligibility income guidelines ... *or who lacks the necessary funds, on a*

*practical basis, to retain competent counsel.*

Directive 89–3 at § II(A)(2) (emphasis added); *see also Nikander v. District Court,* 711 P.2d 1260 (Colo.1986).

All persons asking for court-appointed counsel must complete an application, signed under oath, which must be reviewed by the court. Directive 89–3 at § II(A)(1). This requirement is based on the premise that the court should determine an individual's eligibility for appointed counsel by obtaining as complete a picture of the individual's financial situation as is possible. *Nikander v. District Court, supra.*

If the defendant's income exceeds the eligibility income guidelines, the court may appoint counsel to represent him; however,

[s]uch a finding should not be made unless it is established that *at least two attorneys will not provide legal services* because the person is unable to pay their fee.

Directive 89–3 at § II(A)(3) (emphasis added).

In the instant case, it appears from the record that the guidelines provided in the Directive were not followed. Apparently, the defendant was never asked to complete a financial affidavit with the Public Defender's Office. Furthermore, it appears that the court did not make an investigation of the defendant's financial circumstances, ascertaining only his gross monthly income and that he was single with no dependents, and not considering his debts and other financial obligations. The court concluded that the defendant had the resources to retain private counsel because his income was above the eligibility requirements.

The defendant stated that, on being informed that he did not qualify for court-appointed counsel, he went to at least eight attorneys, seeking representation. He obtained from the court a list of attorneys who would allow defendants to make periodic payments for their services. However, when he contacted those attorneys one said he was mistakenly put on the list and the other said he would require a downpayment of at least $2,500. Counsel who is representing the defendant on this appeal also required a retain-

er of $1,500 to $2,000 in advance. It is undisputed that none of the attorneys he contacted would accept his case because he could not afford their fee.

Furthermore, throughout the proceedings, the court explicitly acknowledged that the defendant, as a practical matter, could not afford to retain an attorney. For instance, in conducting *voir dire*, the court stated:

> [T]he jury may notice that Mr. Tellez is here by himself. He's in the unfortunate situation of not qualifying financially for the appointment of an attorney and, yet, financially unable to hire his own attorney.... So he's here acting as his own attorney.

The court presumed that, because the defendant did not fall within the income eligibility guidelines for appointed counsel, and because he was unable to retain private counsel to represent him, he effectively waived his right to counsel.

Based on the above, it appears that the trial court made a factual finding that although defendant's income exceeded the income eligibility guidelines, he was still financially unable to retain private counsel. Under the legal standard enunciated in Directive 89–3, defendant would have qualified as "indigent," and counsel should have been appointed to represent him. *See also Hardy v. United States*, 375 U.S. 277, 84 S.Ct. 424, 11 L.Ed.2d 331 (1964) (holding that an impoverished accused is not necessarily one totally devoid of any means).

Accordingly, the judgment of conviction is reversed, and the matter is remanded to the trial court for a new trial. On remand, the trial court is to determine the defendant's present financial circumstances and eligibility for appointed counsel.

HUME and ROY, JJ., concur.